UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COLUMBIA GULF TRANSMISSION, LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-2793** |
| **14.226 ACRES MORE OR LESS, IN LAFOURCHE PARISH ET AL.** | **SECTION I** |

### FINDINGS OF FACT & CONCLUSIONS OF LAW

Before the Court is plaintiff Columbia Gulf Transmission, LLC's ("Columbia") motion[1] for default judgment against seven landowner defendants who have not yet been dismissed from the instant condemnation action.[2] On January 30, 2024, the Court held a hearing on the motion for a default judgment and a bench trial regarding the issues of condemnation and just compensation. During the initial hearing, the Court continued the hearing and bench trial to February 20, 2024.[3] Although Columbia attempted to provide notice of the order scheduling this hearing and trial

---

[1] R. Doc. No. 58.
[2] At the time the motion was filed, 27 defendants remained in the case. However, seven additional defendants were dismissed on January 5, 2024. R. Doc. No. 63. Two additional defendants were dismissed on February 6, 2024 and February 7, 2024. R. Doc. Nos. 73, 75. Eleven additional defendants were dismissed on February 16, 2024. R. Doc. No. 95.
[3] R. Doc. No. 69.

to the defendants in this matter pursuant to this Court's order,[4] no defendant attended the hearing and trial.

Having considered the motion, testimony, and exhibits introduced into evidence, the Court makes the following findings of fact and conclusions of law. For the reasons stated herein, the Court grants Columbia's motion for a default judgment and finds that the just compensation due and payable by Columbia for the property rights at issue is as follows.

## I. BACKGROUND

Columbia is a "Delaware limited liability company licensed to transact business in Louisiana."[5] Columbia is "in the business of transporting natural gas in interstate commerce" pursuant to authorization from the Federal Energy Regulatory Commission ("FERC").[6] Because it is engaged in the "transportation of natural gas in interstate commerce, or in the sale in interstate commerce of such gas for resale," Columbia is a natural gas company as defined by 15 U.S.C. § 717a(6).

Columbia seeks to obtain a servitude and a right-of-way in this matter as part of the East Lateral Xpress Project (the "Project"), which was specifically authorized and permitted by FERC in a Certificate of Public Convenience and Necessity ("FERC Certificate") dated March 22, 2022.[7] The FERC Certificate states:

---

[4] R. Doc. No. 54, at 2. Testimony during the hearing and trial indicated that the remaining defendants are either deceased without succession or that Columbia was unable to locate them despite diligent efforts.
[5] R. Doc. No. 1, ¶ 3.
[6] *Id.* ¶ 5.
[7] R. Doc. No. 3-1 (citing R. Doc. No. 3-3 (declaration of Dan Winkler) and R. Doc. No. 1-3 (FERC Certificate)).

> The proposed project will enable Columbia Gulf to provide firm transportation service for Venture Global. We find that Columbia Gulf has demonstrated a need for the East Lateral XPress Project, that the project will not have adverse economic impacts on existing shippers or other pipelines and their existing customers, and that the project's benefits will outweigh any adverse economic effects on landowners and surrounding communities. We have analyzed the technical aspects of the projects and conclude that it has been appropriately designed to achieve its intended purpose. Based on the discussion above, we find under section 7 of the NGA that the public convenience and necessity requires approval of the East Lateral Xpress Project, subject to the conditions in this order.[8]

In order to construct the Golden Meadow Compressor Station contemplated as part of the Project, Columbia must acquire all of the property rights necessary to enter the property.[9] Although Columbia obtained property rights from various property owners, it was unable to reach an agreement with some of them, primarily "because the landowners are deceased, cannot be located after a diligent search or have declined to grant the requested rights."[10]

Accordingly, Columbia filed the instant lawsuit, seeking to acquire a servitude of right of use and right of way over the property for the construction of the Compressor Station and appurtenant facilities.[11] Columbia originally named 78 defendants believed to be the record owners of the real property sought to be condemned.[12] As explained, since then, Columbia has entered into settlements with

---

[8] R. Doc. No. 1-3.
[9] R. Doc. No. 3-1, at 6.
[10] *Id.*
[11] R. Doc. No. 1, ¶ 12.
[12] R. Doc. 46, ¶ 2.

numerous additional landowners, resulting in their dismissal as parties.[13] Accordingly, seven landowner defendants now remain in the action. These defendants have been properly served with notice of condemnation in accordance with Federal Rule of Civil Procedure 71.1(d).[14] No defendant filed an answer or appearance pursuant to Federal Rule of Civil Procedure 71.1(e).[15]

On October 27, 2023, this Court granted Columbia's motion requesting an order authorizing Columbia to condemn the servitudes and issued a preliminary injunction granting Columbia immediate access to and use of those servitudes.[16] Columbia subsequently filed a motion[17] for entry of default, which the Clerk of Court granted.[18] Columbia then filed the instant motion[19] for default judgment. On January 30, 2024, the Court held a hearing on the motion for a default judgment and a bench trial regarding the issues of condemnation and just compensation. During this hearing, the Court continued the hearing and bench trial to February 20, 2024.

## II. LAW & ANALYSIS

### a. Jurisdiction and Venue

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and Section 7h of the Natural Gas Act. Pursuant to 15 U.S.C. § 717f(h), "the amount

---

[13] *See id.* ¶ 4 (supplemental memorandum wherein Columbia explained that it entered into settlements with 47 landowners); R. Doc. Nos. 49, 51, 63, 73, 75, 95 (orders dismissing additional landowners as parties).
[14] R. Doc. 46, ¶ 6.
[15] *Id.* ¶ 7.
[16] R. Doc. No. 52.
[17] R. Doc. No. 55.
[18] R. Doc. No. 57.
[19] R. Doc. No. 58.

claimed by the owner of the property to be condemned exceeds $3000."[20] Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the property that is the subject of this action is located in Lafourche Parish, which is in the Eastern District of Louisiana.[21]

### b. Default Judgment on Columbia's Substantive Right of Condemnation

In its motion, Columbia argues that it is entitled to a default judgment recognizing its right to condemn the property in question.[22] Pursuant to Federal Rule of Civil Procedure 55(b), a court may enter a default judgment against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required period. Fed. R. Civ. P. 55(b). Before seeking a default judgment, the plaintiff must petition the Clerk of Court for an entry of default pursuant to Rule 55(a), which is simply "a notation of the party's default on the [C]lerk's record of the case." *Trahan v. PLC Fin., Inc.*, No. 18-859, 2018 WL 10758657, at *1 (E.D. La. Mar. 29, 2018) (Barbier, J.) (quoting *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986)) (internal quotation marks omitted). Before the Clerk may enter the

---

[20] The Court notes that, during the hearing and trial on January 30, 2024, Elle Light, a project manager and abstractor for Columbia, testified that Columbia would offer the remaining defendants "over $3000.00" if Columbia were able to locate them. Accordingly, the Court is satisfied that this jurisdictional requirement is met. *See Panhandle E. Pipe Line Co., LP v. Gray*, No. 20-CV-221-Z, 2021 WL 3810918, at *3 (N.D. Tex. Aug. 26, 2021) (explaining that an offer of $3,000 or more to buy the land which is rejected by the owner is sufficient to establish jurisdiction and that "it is inequitable for a defendant to defeat federal jurisdiction by refusing to appear or by merely refusing to clarify what the owner believes the property is worth").
[21] R. Doc. No. 1, ¶ 2.
[22] R. Doc. No. 58-1, at 2.

default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). In the instant case, Columbia has satisfied the requirements of Rule 55(a) because the Clerk has issued an entry of default against the seven remaining defendants.[23]

After the Clerk enters a default, the plaintiff may move for a default judgment pursuant to Federal Rule of Civil Procedure 55(b). *Meyer v. Bayles*, 559 F. App'x 312, 313 (5th Cir. 2014). The Fifth Circuit has set forth a two-part test to determine whether a default judgment should be entered. First, the court determines whether a default judgment is appropriate under the circumstances, considering several factors, including:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). "Second, the court must assess the merits of a plaintiff's claims and find a viable claim for relief." *AR Factoring, LLC v. Commonwealth Applied Silica Techs., LLC*, No. 19-1906, 2020 WL 2128474, at *1 (E.D. La. May 5, 2020) (Guidry, J.) (citing *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975)).

When considering a motion for default judgment, "the court must accept the well-pleaded factual allegations in the plaintiff's complaint." *Id.* at *2 (citing

---

[23] *See* R. Doc. No. 57 (order granting motion for entry of default).

*Nishimatsu*, 515 F.2d at 1206). At the same time, the court does not hold the defaulting defendant "to [have] admitt[ed] facts that are not well-pleaded or to [have] admitt[ed] conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (internal quotation marks and citation omitted). The default judgment should not be entered unless the judgment is "'supported by well-pleaded allegations' and . . . ha[s] 'a sufficient basis in the pleadings.'" *Id.* at 498 (quoting *Nishimatsu*, 515 F.2d at 1206).

If the plaintiff's claim is for a sum certain and the defendant has not made an appearance in court, the clerk may enter a default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). No party is entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). "Generally, the entry of default judgment is committed to the discretion of the district judge." *Ameser v. Nordstrom, Inc.*, 442 F. App'x 967, 969 (5th Cir. 2011) (internal quotation marks and citation omitted).

If the court concludes that it is appropriate to enter a default judgment, it must then "fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly." *M C Bank & Trust Co. v. Suard Barge Serv., Inc.*, No. 16-14311, 2017 WL 3991076, at *5 (E.D. La. Sept. 11, 2017) (Vance, J.) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)). "In ruling on [] a motion [for a default judgment], the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.* (quoting *Int'l Painters & Allied Trades*

7

*Indus. Pension Fund v. Brighton Painting Co.*, 267 F.R.D. 426, 428 (D.D.C. 2010)). With respect to damages, the court cannot enter a default judgment without a hearing "unless the amount is liquidated or easily computable." *Richardson v. Salvation Army S. Territory, USA*, 161 F.3d 7, 1998 WL 723820, at *1 (5th Cir. 1998); *see Duncan v. Tangipahoa Par. Council*, No. 08-3840, 2009 WL 2514150, at *1 (E.D. La. Aug. 12, 2009) (Engelhardt, J.) (explaining that "[a] sum is certain when the amount claimed is a liquidated one or is one that is capable of mathematical calculation as, for example, an action on a promissory note").

Considering the *Lindsey* factors, the Court in its discretion finds that a default judgment is appropriate. The Court has already held that Columbia has established a substantive right to condemn the servitudes.[24] There are no material questions of fact at issue, there has not been substantial prejudice to the landowners, and the grounds for default are clearly established given Columbia's substantive right to condemn. *See Lindsey*, 161 F.3d at 893. Further, there is no evidence that the default was caused by good faith mistake or excusable neglect, and the harshness of any default judgment is mitigated by the availability of just compensation, which Columbia has deposited into the registry of the Court.[25] *Id.* In light of Columbia's

---

[24] *See* R. Doc. No. 52, at 4–6 (explaining that Columbia has established (1) that it holds a FERC Certificate of Public Necessity; (2) that it has been unable to acquire the property rights in question by contract with the remaining landowners; and (3) that the condemnation is for a public and necessary purpose).

[25] R. Doc. No. 72 (notice of compliance with Court's order to deposit funds into the registry of the Court).

8

substantive right to condemn, Columbia has a viable claim for relief. *See AR Factoring, LLC*, 2020 WL 2128474, at *1.

### c. Just Compensation

Next, the Court must consider the just compensation owed to the landowners. As noted, the Court held a bench trial on January 30, 2024 and February 20, 2024 to determine the just compensation to be paid to the landowners. During the trial, Elle Light ("Light"), a project manager for Columbia and an abstractor, testified regarding the ownership interests of the remaining defendants in the property. Light provided an overview of Exhibits 1A and 1B, which are both summaries of the ownership interests in the 14.226 acres. She confirmed that each remaining defendant's ownership interest in the land was accurately reflected in the exhibits and explained that Columbia was unable to locate each remaining defendant despite diligent efforts.

Following Light's testimony, Rebecca A. Rothschild ("Rothschild") of RRL Real Estate Appraisal, L.L.C. was tendered and accepted by the Court as an expert in real estate appraisal without objection. Rothschild testified regarding her appraisal of the 14. 226 acres.[26] Rothschild explained that she applied the sales comparison approach to appraise the value of the entire property. Specifically, she identified the characteristics of the property, including topography, access, and zoning, and then reviewed market data to determine the "highest and best use" of the property. She also identified three similar sales in the same area and determined that, while the

---

[26] Pl.'s Ex. 2.

properties subject to those sales were comparable to the 14.226 acres, the 14.226 acres had superior access than the other properties.[27]

Based on her training and her experience conducting appraisals in Lafourche Parish, she appraised the property at $350.00 per acre.[28] She also determined that the servitude would encumber 99% of the landowners' property rights.[29] She then calculated the total value of the servitude to be $4,929.31, which she rounded up to $5,000.00.[30] Rothschild testified that she determined the fair value of the property interests for each remaining defendant—the interests established in Light's testimony—by multiplying the overall value of the property interests by their percentage of ownership.

Based on this testimony, the Court finds that the just compensation due and payable by Columbia for the property rights in question is $5000.00, which, considering the landowners' respective ownership interests in the property as established through Light's testimony, entitles the landowners to the following amounts of compensation:

>   Nanette A. Martin - $104.00
>   Estate of Louis Sandras, Jr. - $39.07
>   Frederick Cheramie - $23.15
>   Renee Cheramie Porcelli - $23.15
>   Joseph A. Cheramie - $83.35
>   Charlotte Serigny Mitchell - $7.71
>   David Guidry - $19.53

---

[27] *Id.* at 20.
[28] *Id.*
[29] *Id.* at 21.
[30] *Id.*

10

Notwithstanding these amounts, Columbia has agreed to pay $100.00 in compensation to each of the remaining landowner defendants who would otherwise receive less than $100.00. Accordingly, the just compensation for the property rights in question shall be distributed among the landowners as follows:

    Nanette A. Martin - $104.00
    Estate of Louis Sandras, Jr. - $100.00
    Frederick Cheramie - $100.00
    Renee Cheramie Porcelli - $100.00
    Joseph A. Cheramie - $100.00
    Charlotte Serigny Mitchell - $100.00
    David Guidry - $100.00

As discussed at the hearing, Columbia may file a timely motion to withdraw excess funds from the registry of the Court.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Columbia's motion for default judgment is **GRANTED.** Based on Columbia's deposit of the foregoing amounts of just compensation into the registry of the Court, ownership and title of the property rights described herein shall vest in Columbia, free and clear of all right, title, and interest of the defendants and all other known and unknown orders. The Court shall enter a separate judgment consistent with this order and reasons.

New Orleans, Louisiana, February 21, 2024.

                                      **LANCE M. AFRICK**
                            **UNITED STATES DISTRICT JUDGE**